Roosevelt SIMMONS, Plaintiff–
Appellant,

v.

K. CIMOCK, Unit Manager, FNU
Williams, Captain, D.B. Drew,
Defendants–Appellees.

No. 13–13392
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 2014.

Roosevelt Simmons, Waymart, PA, pro
se.

Peter J. Sholl, Arthur Lee Bentley, III,
U.S. Attorney's Office, Tampa, FL, Janelle
Christine Dinicola, Coleman, FL, for De-
fendants–Appellees.

Before JORDAN, ROSENBAUM and
BLACK, Circuit Judges.

PER CURIAM:

Roosevelt Simmons, a federal prisoner
proceeding pro se, appeals the district
court's dismissal of his civil rights com-
plaint filed pursuant to *Bivens v. Six Un-
known Named Agents of Fed. Bureau of
Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971), alleging that the de-
fendants, various prison officials and staff,
illegally took a sample of his DNA shortly
after the commencement of his incarcera-
tion. Upon review,[1] we affirm.

The district court did not err in dismiss-
ing the complaint with prejudice pursuant
to Rule 12(b)(6) because the defendants
were acting within the scope of their au-
thority in obtaining a DNA sample, *see* 42
U.S.C. § 14135a; 28 C.F.R. § 28.12, and
Simmons has failed to show that the defen-
dants' actions violated any clearly-estab-
lished constitutional rights, *see Andujar v.
Rodriguez,* 486 F.3d 1199, 1202–03 (11th
Cir.2007). Simmons argues the defen-
dants should have sought to obtain his
DNA sample closer to his release date
rather than shortly after his arrival at the
prison, but he has not shown any authority
establishing this rule, nor has he shown
that a violation of this rule amounts to a
constitutional violation sufficient to sup-
port a claim under *Bivens,* 403 U.S. at 397,
91 S.Ct. 1999. Accordingly, the defen-
dants are entitled to qualified immunity
from Simmons' claim, and the district
court did not err in dismissing the com-
plaint. Moreover, the district court did
not err in dismissing without leave to
amend because Simmons never requested
leave to amend his complaint to remedy
any deficiencies, *see Access Now, Inc. v.
Sw. Airlines Co.,* 385 F.3d 1324, 1331 (11th
Cir.2004), and because the record gives no
indication that an amendment would not
have been futile, *see Corsello v. Lincare,
Inc.,* 428 F.3d 1008, 1014 (11th Cir.2005).

**AFFIRMED.**

1. We review de novo the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *Spain v. Brown & Williamson Tobacco Corp.,* 363 F.3d 1183, 1187 (11th Cir.2004).